HOPE et al. v. SHIRLEY. (No. 8438.)

(Court of Civil Appeals of Texas. Ft. Worth.
July 1, 1916.)

1. FRAUD &⟶47 — ACTION FOR DAMAGES —
PLEADING—DAMAGES.

A petition in an action for damages for
fraud and deceit alleging that plaintiff em-
ployed a broker to sell land for $35 an acre and
agreed to pay 5 per cent. of the amount to be
realized on a sale at that price; that the bro-
ker negotiated with defendant regarding a sale
of the land at such price; that defendant then
knew of the broker's employment and the price
at which the land had been listed for sale and
the commission to be paid, and conspired with
his codefendants to defraud the broker of his
commission and buy the land for a price less
than the listed price, and offered plaintiff $32.50
per acre net, which offer plaintiff accepted, and
that the land was sold at that price; that
plaintiff at the execution of his deed had no
knowledge that the broker was the procuring
cause of the sale and was compelled to pay the
broker's commission, and that but for defend-
ant's representations he would have demanded
$35 per acre in order to pay the commission,
but not alleging that defendants, in addition to
the price, would pay any money which plaintiff
might be liable to pay the broker, or that de-
fendants would have purchased the land for
$35 per acre, or that the price was less than
its full market value, did not show that plaintiff
sustained any damage from the defendants' acts,
and hence stated no cause of action.

[Ed. Note.—For other cases, see Fraud, Cent.
Dig. § 42; Dec. Dig. &⟶47.]

2. FRAUD &⟶25—DAMAGE AS ELEMENT—NE-
CESSITY.

No action for fraud arises unless damage re-
sults therefrom.

[Ed. Note.—For other cases, see Fraud, Cent.
Dig. § 24; Dec. Dig. &⟶25.]

Appeal from Wichita County Court; Har-
vy Harris, Judge.

Action by B. F. Shirley against Alex W.
Hope and others. Judgment for plaintiff, and
defendants appeal. Reversed, and cause re-
manded for another trial.

W. Lindsay Bibb, of Wichita Falls, for ap-
pellants. T. R. Boone, of Wichita Falls, for
appellee.

DUNKLIN, J. Alex W. Hope, Joseph
Long, and Charlie Word, defendants in the
trial court, have prosecuted this appeal from
a judgment rendered against them in favor
of B. F. Shirley, plaintiff, for $261.50. On a
former day of the present term of court all
their assignments of error were, on motion of
appellee, stricken out, except such as chal-

lenge the sufficiency of plaintiff's petition to support the judgment.

[1] In his petition, plaintiff alleged that he employed J. L. Jackson, a real estate broker, to sell a tract of 136 acres of land for $35 per acre, agreeing to pay the broker for such services 5 per cent. of the amount to be realized by a sale at that price, which commission was the customary commission for such services and was reasonable.

According to further allegations, Jackson then began negotiations with defendant Hope, looking to a sale of the land to him for $35 per acre, Hope knowing, at the time, of Jackson's employment and the price at which the property had been listed with him for sale and the amount of commissions which plaintiff had agreed to pay Jackson for negotiating a sale, and knowing further that 5 per cent. was a reasonable commission to the broker for negotiating such a sale. Thereafter, defendants Hope, Long, and Word conspired together for the purpose of defrauding the broker of his commissions on said sale, and for the purpose of buying the land for a price less than that at which it had been listed with the broker, and in pursuance of such conspiracy offered plaintiff the "sum of $32.50 per acre net" for the land, which offer was made in the name of defendant Charlie Word for the sole use and benefit of Hope, and was accepted by plaintiff, and the land was sold at that price.

According to further allegations in the petition, the efforts of the broker to sell the land to Hope were the procuring cause of the sale, but, at the time of the consummation of the sale by the execution of the deed, plaintiff had no knowledge or notice of that fact. The deed so made was to Charlie Word who took title in his name, but in fact for the sole use and benefit of Hope, who paid the purchase price and for whom he acted as agent in the transaction; and defendant Joseph Long also as the agent of Hope aided and assisted in the purchase so made, which facts were likewise unknown to plaintiff at that time.

Following are additional allegations in the petition:

"Plaintiff further alleges that he has been forced and compelled to pay to his agent, J. L. Jackson, of Wichita Falls, Tex., the sum of $221, together with $40.50 court costs.

"Plaintiff further alleges, but for the acts and representations on the part of these defendants, he would not have sold his land for $32.50, but would have requested of this defendant, Alex W. Hope, to pay him the sum of $35 per acre in order to pay the commission of his agent, J. L. Jackson.

"Plaintiff further alleges that all of these facts concerning the agency of J. L. Jackson and concerning the reasonable value of the services for the agent J. L. Jackson were, at the time of said deed, known to these defendants.

"Plaintiff further alleges that these defendants by virtue of the above facts are justly entitled to pay to this plaintiff the sum of $261.50."

It thus appears that the suit was an action for damages for fraud and deceit. While it is alleged that the price offered and accepted was "$32.50 per acre net," there are no allegations of any character that thereby it was understood and agreed that either of the defendants would pay to the plaintiff. in addition to the price of $32.50 per acre, any sum of money that he might be required to pay to Jackson by reason of said sale, and that defendants thereby became liable to plaintiff upon such a contract, either expressed or implied. The fact that Long was made a party defendant and a judgment sought against him and also against Word, as well as against Hope, the real purchaser of the property, by reason of an alleged fraudulent conspiracy of those two defendants with Hope, precludes any idea that the suit was predicated upon any other theory than that of fraud and deceit. Appellee has cited the cases of Mitchell v. Zimmerman, 4 Tex. 79, 51 Am. Dec. 717, and Texas El. & Com. Co. v. Mitchell, 7 Tex. Civ. App. 222, 28 S. W. 45, which announce—

"as a general rule, each party is bound, in every case, to communicate to the other his knowledge of the material facts, provided he knows the other to be ignorant of them, and they be not open and naked, or equally within the reach of his observation."

Appellee insists that that rule is applicable to the facts of this case as alleged, and under its operation the defendants owed the plaintiff the duty to disclose the fact that Jackson had already negotiated with Hope to sell him the land, and that his efforts already made would be the procuring cause of the sale in the event the offer of $32.50 made by Hope, through Word, should be accepted by the plaintiff.

[2] The petition contains no allegation that Hope would have purchased the land for $35 per acre if plaintiff had not agreed to accept the offer of $32.50, nor any allegation that the price for which the property was sold was less than its full market value, nor any allegation whatever relative to such market value. In the absence of such allegations, it does not appear that plaintiff sustained any damages by reason of the alleged fraud and deceit on the part of the defendants, and hence it is unnecessary for us to determine whether or not Hope owed any legal duty to the plaintiff to make such a disclosure prior to his purchase; for it is well settled by the authorities that, even if a fraud be practiced, no cause of action arises unless some damages, which are legally recoverable as a result thereof, are alleged and shown. In 12 R. C. L. bottom p. 239, § 10, the following is said:

"The ground of the action of deceit is fraud and damage, and when both concur the action will lie. Moreover, both must concur to constitute actionable fraud; a common statement of the rule being that neither fraud without damage, nor damage without fraud, is sufficient to support an action."

For the reasons noted, we are of the opinion that the plaintiff's petition was insufficient to support the judgment rendered, and accordingly the judgment is reversed, and the cause remanded for another trial.

