HOPE et al. v. SHIRLEY. (No. 1519.)

(Court of Civil Appeals of Texas. Amarillo. April 2, 1919.)

FRAUD ⬤⇒28 — INDUCING SALE OF LAND — "NET" PRICE.

Defendants were liable for deceit in inducing plaintiff to sell his land at a less price than he would have exacted had he known the sale was through a broker to whom he was liable for commissions on the sale, where, to induce plaintiff to believe that there would be no expenses for broker's services, defendants, in addition to other acts, procured the sale to one of defendants as a stool pigeon on an offer to pay such price "net" for the land, for, although a proposition to purchase "net" might be insufficient to imply an agreement to pay any commissions, yet generally "net" means free from charges or deductions; obtained after deducting all expenses.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Net.]

Appeal from Wichita County Court; Harvey Harris, Judge.

Suit by B. F. Shirley against Alex W. Hope and others. From judgment for plaintiff, defendants appeal. Affirmed.

W. Lindsy Bibb, of Wichita Falls, for appellants.
T. R. Boone, of Wichita Falls, for appellee.

BOYCE, J. Appellee, as plaintiff, brought this suit, alleging that he was induced to sell land owned by him at $32.50 per acre, under the false assumption and belief, caused by the fraud of appellants, that there would be no broker's commission on the sale, and sought to recover of appellants the commissions which he was subsequently forced to pay. On a former appeal the Court of Civil Appeals for the Second District reversed a judgment in appellee's favor, on the ground that the petition did not show that plaintiff had sustained any damages from the fraud practiced on him. Hope v. Shirley, 187 S. W. 973. The plaintiff thereafter amended his petition and again secured a judgment, and the case is before us on assignments which deny the sufficiency of the petition and proof to show a cause of action, either on contract, or for fraud, and that any legal damages were sustained if a cause of action for fraud is shown.

We think the petition and evidence sufficient to support a cause of action for deceit. The defendants knew that the plaintiff would be liable to the real estate agent for com-

---

mission on the sale of the land to the defendant Hope, and, in order to conceal the fact that the sale was to him and to induce plaintiff to sell at a price less than he would have taken had the sale been through a broker, procured the sale to be made to one of the defendants as a "stool pigeon" on an offer to pay the sum of $32.50 per acre "net" for the land.

" 'Net' means free from charges or deductions; obtained after deducting all expenses." Overshiner v. Palmer, 185 S. W. 387.

If the proposition to purchase at said price net be insufficient to imply an agreement to pay any commissions or expenses incident to the sale, yet the offer in this way, in connection with the other acts of the defendants, were designed to and did induce the plaintiff to sell his land under the belief that no real estate agent was instrumental in bringing about the sale, and that there would be no expense for services of a broker in connection with it. The defendants went beyond a mere nondisclosure of the true facts; they resorted to a subterfuge to conceal them, and we do not doubt that the facts are sufficient to show a case of deceit. Wintz v. Morrison, 17 Tex. 372, 67 Am. Dec. 658.

It was pleaded, and the jury found, that the reasonable market value of the land was $35 per acre, and the facts justify the conclusion that it could and would have been sold for this amount through brokers on payment to them of the regular 5 per cent. commission. So it sufficiently appears that plaintiff was damaged by the fraud in the amount of commission he was compelled to pay out of the $32.50 per acre, and the defect in this respect, on account of which the case was reversed on former appeal, was cured. Hope v. Shirley, 187 S. W. 974.

These facts are sufficient to support the judgment, and, if there be error in connection with the submission of other issues, it is immaterial. It is also immaterial that the court did not quash the attachment, since there was no foreclosure of the attachment lien.

We think the judgment should be affirmed.