### CHICAGO, ROCK ISLAND & TEXAS RAILWAY COMPANY ET AL. v. H. KAPP.

#### Decided November 19, 1904.

**1.—Carriers of Freight—Cattle Shipment—Delay.**

The duty of a railway company to furnish immediate transportation for cattle delivered to it for shipment by a connecting line is not an absolute one, and in an action for injury to the cattle resulting from delay it is entitled to show that the cattle were sent forward by the first freight train leaving after they were delivered to it, and as soon as its road was clear and open to such train.

**2.—Same—Expert Evidence.**

In such action it was competent for the defendant company to prove by a freight conductor of twenty-five years' experience, accustomed to making up and handling trains of cattle, that at the point where the cattle were delivered to defendant by a connecting line a delay of two hours thereafter in making up trains, getting orders and clear track for moving the cattle, was not an unnecessary or an unreasonable delay.

Appeal from the County Court of Jack. Tried below before Hon. R. S. Blair.

*N. H. Lassiter, Robert Harrison,* and *Stark & Groner,* for appellant.—The railroad company is under no duty to furnish a special train for eight cars of cattle, or to transport them immediately upon their delivery to it for transportation. It is under a duty only to use reasonable care to move its trains promptly, and to convey these cattle on the next train going out after their receipt. The railroad company had a right to prove by the plaintiff that these cattle went out on the first train going out after they were delivered to the defendant, and that this train was moved out as soon as the company's road was clear and open to that train. Railway Co. v. Wamken, 35 S. W. Rep., 73.

*Nicholson* and *Fitzgerald,* for appellee.—The court did not err in refusing to allow appellant to prove by H. Kapp that the eight cars of cattle went out on first train going over C. R. I. & T. road on said day, and as soon as the road was clear; because a common carrier can not excuse its liability for delay of a shipment of cattle on the ground that they had no car or train ready in which to transport said cattle or that their track was not clear, or that their trains did not make connection with the connecting carrier. Railway Co. v. Porter, 61 S. W. Rep., 344.

CONNER, CHIEF JUSTICE.—This suit was brought in the County Court of Jack County against the Chicago, Rock Island & Texas Railway Company and the St. Louis & San Francisco Railway Company, to recover damages on allegations to the effect that on April 15, 1903, appellee shipped eight cars of stock cattle from Bluff Dale, to Rush Springs, I. T.; that the cars in which they were loaded were defective and improperly bedded, and that the cattle were roughly handled and delayed en route, so that he was damaged in the sum of $401. The trial resulted in a verdict and judgment for appellee for the sum of $214.25 against the two companies named, from which judgment both have appealed.

We think we must sustain two of the assignments of error presented, to wit, the fifth and eighth. In the fifth assignment it is urged that the court erred in sustaining plaintiff's objection to testimony as shown by the following bill of exception, viz.: "Be it remembered that upon the trial of this cause, the defendant Chicago, Rock Island & Texas Railway Company offered to prove by H. Kapp, a witness for plaintiff, that the eight cars of cattle belonging to said plaintiff were carried out of Fort Worth, Texas, to Rush Springs, I. T., on the first freight train on said road going out of Fort Worth, after said cattle had been received by said defendant (and that same was carried as soon as the said defendant's road was clear and open to said train), to which the plaintiff objected, because said testimony would in no way excuse said defendant from holding said cattle for two hours in their freight yards, and that it was its duty to furnish immediate transportation for same. The court sustained said objections and refused to allow said testimony to go to the jury, to which said defendant excepts, and asks that same be approved and filed as part of the record in this cause."

There was testimony tending to show that the cattle were shipped from Bluff Dale to Fort Worth over what is designated by the witnesses as the Frisco road, and there delivered to the appellant Chicago, Rock Island & Texas Railway Company; that after arrival at Fort Worth there was a delay of some six hours before a delivery of cars to the Chicago, Rock Island & Texas Company for further shipment; that the train of the latter company transporting the cattle was the second section of a train of which section 1 left Fort Worth on the day preceding; that after receipt of the cattle by the Chicago, Rock Island & Texas Company the train upon which they were carried left Fort Worth in about an hour and a half or two hours, and thereafter made a good run to Rush Springs, I. T. We know of no rule of law making it the imperative duty, as appellee insists, to furnish immediate transportation after receiving freight for shipment. The law requires only reasonable diligence in its forwarding and transportation, and we think it was for the jury to say whether under all of the circumstances the Chicago, Rock Island & Texas Railway Company was negligent in failing to at once forward appellee's cattle after their receipt, and that the appellant complaining of the ruling under consideration had the right to show, if it could, that the cattle in question were shipped on the first freight train on its road going out of Fort Worth after the cattle had been received, and that the transportation began as soon as the road was clear and open

to the train. In other words, we think the appellant Chicago, Rock Island & Texas Railway Company had the right to prove, if it could, that the delay of two hours in its yards, at which appellee complained in his petition, was not negligent, and that the proof offered was relevant to this issue. That this testimony was material is evident from the fact that appellee testified that the cattle were damaged in his opinion in the sum of $1 per head by reason of the fact that they had been kept standing in the yards of the Chicago, Rock Island & Texas Railway Company two hours after having been previously kept standing in the yards of the other appellant six hours; and another witness testified that the cattle were damaged in his opinion 75 cents per head because of such fact.

What we have said in disposing of the fifth assignment we think applies in part also to the eighth assignment. The Chicago, Rock Island & Texas Railway Company, as shown by its bill of exception number 14, "offered to prove by the witness Maxon, after having shown that he was a conductor and had been a conductor on freight trains for the last twenty-five years, and was accustomed to making up and handling trains of cattle, that at Fort Worth, Texas, it would not be an unnecessary or an unreasonable delay after receiving cattle from a connecting carrier to detain the same two hours in making up trains, getting orders and clear track for moving said cattle forward." This testimony was objected to on the ground that "the evidence all shows that this was a through shipment from Bluff Dale, Texas, to Rush Springs, I. T., and the defendant could not excuse itself for said delay, but should have been prepared under the contract to carry said cattle upon receipt of the same." This objection was sustained and the evidence excluded, in which, for reasons in part at least before stated, we think the court committed error. In the case of the Chicago R. I. & T. Ry. Co. v. Carroll, 36 Texas Civ. App., 359, 81 S. W. Rep., 1020, we held, among other things, that it was permissible as matter of opinion by an expert witness to testify "as to what a reasonable time to transfer them [cattle] from one carrier to another" was; a writ of error was refused in that case, and it seems to be conclusive in favor of the admissibility of the testimony excluded in the case before us.

There are numerous other assignments of error, but as presented we find nothing therein requiring a reversal of the case, and we think it hardly necessary to discuss them.

For the errors of the court pointed out, however, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*