**BROWNING ENGINEERING CO. v. WILLETT et al.   (No. 120–2986.)**

(Commission of Appeals of Texas, Section B. March 9, 1921.)

1. Pleading 228—Exceptions held sufficient as pointing out the particular pleading objected to.

Certain exceptions objected to as being no more than general demurrers, while general in their phraseology, held to meet substantially the requirement of the rule that they should point out the particular pleading excepted to.

2. Evidence 434(11)—Oral guaranties and warranties provable in defense of fraud to action on written sale contract.

In an action on a sale contract, an objection to evidence of representations as furnishing guaranties and warranties not in the written agreement is not well taken, where the answer pleaded fraud inducing defendants to contract, making such evidence admissible.

3. Sales 354(5)—Allegation of seller's failure to ship part of machinery held not subject to exception as varying written contract.

In an action on a sale contract, an exception to the answer, on the grounds that all verbal specifications and guaranties antecedent to the contract were included and that facts were not alleged to show sufficient consideration for any subsequent agreements, should not have been sustained as to an alleged independent fact that the plaintiff had failed to ship a part of the machinery contracted for.

4. Sales 354(6) — Allegation that plaintiff seller knew the work for which the. machine sold was to be used held material on issue of fraud.

In a seller's action against buyers of machinery, an allegation of the answer that plaintiff knew the character of work the machine was intended to do was material on the issue of fraud in inducing defendants to contract.

5. Sales 354(6)—Allegation in answer of defects in machinery sold held proper on issue of fraud.

In a seller's action for machinery sold, buyer's allegations as to the defects which prevented it from doing the work for which it was intended held proper on the issue of fraud inducing sale, and not subject to exception as not being included in the contract or lacking in definiteness and certainty.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Action by the Browning Engineering Company against W. E. Willett and others. Judgment for plaintiff was reversed and remanded by the Court of Civil Appeals (186 S. W. 352), and plaintiff brings error. Judgment of the Court of Civil Appeals affirmed, and case remanded to the district court for trial.

Thompson, Knight, Baker & Harris, of Dallas, for plaintiff in error.

Burgess, Burgess, Germany & Chrestman, of Dallas, for defendants in error.

KITTRELL, J. This action was based on a written contract for the sale of a certain machine designated as "One Standard Four-Wheel Type Browning Locomotive Crane."

The pleadings of plaintiff in substance allege the contract to purchase and the breach, and pray for judgment and foreclosure.

The defendants answered at great length, but perhaps not greater than the necessities of the situation required.

It will be helpful before dealing with their pleading to set forth the guaranties and warranties contained in the contract.

Where the term "contract" is used, it will be understood as applying to both the "contract of sale" and the "specifications" which together constitute the contract between the seller and the buyer.

The term "guaranty" and "warranty" are the legal equivalents each of the other, and are evidently used as synonymous in the contract.

That in the "contract of sale" proper reads as follows:

"We guarantee all workmanship and materials to be the best of their several kinds, and the entire work to be constructed and finished in a good, substantial, workmanlike manner, and thoroughly tested before shipment. Should any material furnished by us prove defective, and the defect or breakage is not due to misuse, abuse, or neglect on the part of the user, we will replace such parts f. o. b. our works for one month from date of shipment. But we will not allow any claim for damage, expense incurred for transportation charges, for repairing the machinery, for delays, or otherwise, unless under special agreement made in writing."

That in the "specifications" reads as follows:

"We guarantee this locomotive crane, whether so stipulated in a contract or not, to be of the best workmanship and material, accurately constructed to our *duplicate* system and to develop the various speeds and capacities as stated herein. Each individual part is guaranteed to be of good material and free from physical defects. This guarantee is intended to cover everything for which a builder can be considered accountable, and will remain in force for one year from date of sale."

There is set forth in the contract the stipulation quoted below, which, while it comes after the signature of the contracting parties, is treated by the plaintiff in error (plaintiff below) as part of the contract, and such treatment appears not to meet—in so far as the record reveals—with any objection on the part of the defendants in error (defendants below). That stipulation is as follows:

"The above agreement embodies all the terms of this contract and no changes therefrom can be made, except by special agreement in writing signed by an executive officer of the Browning Engineering Company. Both copies to be sent to Cleveland for approval."

The Browning Engineering Company, plaintiff in the court below, and appellee in the Court of Civil Appeals, is plaintiff in error in this court, and for convenience the parties will be referred to as plaintiff and defendants as they were in that court.

The length of the contract proper, the minute details of the specifications, and the character of defense made necessary by reason of these facts, make it exceedingly difficult to so condense our conclusions that this opinion will not be of such length as to deprive it of much of the value it might otherwise have as a guide in case of another trial, or as a precedent in like cases in the future.

Fortunately the opposing parties agree that there are but substantially two questions presented for our determination. They are as follows:

First. Were the allegations with reference to the manner in which the plaintiff procured the contract of sale from the defendant under the circumstances alleged such as to warrant the introduction of parol evidence to show that the contract was obtained through fraud and deceit?

Second. Were the allegations in the cross-bill regarding the failure of the machinery to. fill the written warranty thereof of the seller such as to authorize the introduction of evidence in support of such allegations?

The trial court sustained eight exceptions to defendants' answer, to which action defendants duly excepted, and declined to amend, and permission was refused them by the trial court to offer evidence, which action the Court of Civil Appeals held to be erroneous.

Of the eight exceptions, only four—the first, second, third, and sixth—were made the basis of assignments of error in the Court of Civil Appeals.

These four were as follows:

"(1) It excepts to all verbal specifications, guaranties, warranties, and representations alleged to have been made to defendants prior to or contemporaneous with the written contracts sued on, and says that no facts are alleged showing them to be part of the contract in question, or effective in any wise to qualify, alter, or vary the terms of the written instruments, and of this it prays judgment.

"(2) It excepts to all verbal specifications, guaranties, warranties, and representations subsequent to the execution of the written contract sued on, and says that no facts are alleged showing them to be based upon any sufficient consideration, or constituting same any part of the contract in question, or effective in any wise to qualify, limit, vary, or alter the said contract, and of this it prays judgment.

"(3) It excepts to the allegations made as to the knowledge of the plaintiff as to the character of the work proposed to be done by the machinery purchased from it by defendants as being immaterial and in no wise effective to modify, vary, or enlarge the contract sued on, or the obligations of the plaintiff thereunder, and of this it prays judgment.

"(6) It excepts to the allegations as to divers breaches of warranty by plaintiff, for that the alleged warranties and guaranties relied on, if verbal, constitute no part of the contract sued on, and, if contained in the contract sued on, are not pleaded with such definiteness

and certainty as to apprise the plaintiff of the provisions of the contract supposed to embrace the obligations claimed, and of this prays judgment." 186 S. W. 352.

The last section of defendants' answer that was attacked was section 12, which was done by No. 8 of the exceptions. The remainder of plaintiff's supplemental pleading only amounted to—indeed, by its express terms was—a denial of the allegations of defendants contained in their answer and cross-bill.

[1] We have carefully considered the contention of defendant in error that the above-quoted exceptions are no more than general demurrers, and have reached the conclusion that, while they are to a large extent general in their phraseology, yet they meet substantially the requirement of the rule that they shall "point out the particular pleading excepted to," etc.

The Supreme Court has indicated to us what questions presented by the record are necessary to be passed upon, and what action should in its judgment be taken thereon; hence no other questions will be discussed, since the judgment of the Court of Civil Appeals reversing the judgment of the district court and remanding the cause for a new trial must be affirmed.

[2] The first assignment of error presented by plaintiff in error (plaintiff in the court below) is as follows:

"The Court of Civil Appeals erred in sustaining appellants' first assignment of error, which complained of alleged error on the part of the trial court in sustaining plaintiffs' special exception No. 1 to the answer of appellants filed in the trial court."

The assignment is overruled for the reason that while no guaranties or warranties could be proved, except such as were set up in the contract, yet by paragraphs 7 and 8 of defendants' answer fraud in inducing defendants to enter into the contract was sufficiently alleged, and if the allegations were true the contract was voidable at the instance of defendants.

[3] The second assignment of error is as follows:

"The Court of Civil Appeals erred in sustaining appellant's second assignment of error, which complained of the alleged error on the part of the trial court in sustaining plaintiff's exception No. 2 to the answer of appellants, filed in the trial court."

It should be, and is, overruled for the reason that special exception No. 2 quoted above should not have been sustained by the trial court; hence the action of the Court of Civil Appeals in reversing the action of the trial court was correct, for the reason that it appears that plaintiff in error treated it as relating to the averment that plaintiff had failed to ship a part of the machinery contracted for.

Such averment did not in any way relate to subsequent verbal specifications, warranties, guaranties, or representations, but related solely to the alleged independent fact, that plaintiff had failed to comply with its contract in full.

[4] The third assignment of error is as follows:

"The Court of Civil Appeals erred in sustaining appellant's third assignment of error, which complained of alleged error on the part of the trial court in sustaining plaintiff's exception No. 3 to the answer of appellants filed in the trial court."

It should be, and is, overruled because the allegations that plaintiff knew of the character of the work the machine was intended to do was material on the issue of fraud in inducing defendants to enter into the contract, which we have held was sufficiently pleaded by paragraphs 7 and 8 of their answer.

[5] The fourth assignment of error relating to special exception No. 6 is as follows:

"The Court of Civil Appeals erred in sustaining appellant's fourth assignment of error, which complained of alleged error herein on the part of the trial court in sustaining plaintiff's exception No. 6 to the answer of appellants filed in the trial court."

The allegations as to defects in the machinery which prevented it from doing the work it was intended to do were proper on the issue of fraud, set up by sufficient pleadings by defendants; hence that assignment is overruled.

Since, as has been shown, both parties agree that there are only two questions presented for determination, which questions have already been set forth, and since it follows that both of said questions must be answered in the affirmative, we recommend that the judgment of the Court of Civil Appeals reversing and remanding the case for a new trial be affirmed ·and that the case be remanded to the district court for trial in accordance with this opinion.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.