[Civ. No. 2928.   Third Appellate District.—May 24, 1926.]

## FRANK E. BAKER, Respondent, v. HARRY J. CARSTENBROOK, Appellant.

[1] VENDOR AND VENDEE—FRAUDULENT REPRESENTATIONS—REMEDIES OF VENDEE.—One who has been induced by fraudulent representations to become the purchaser of property may, upon the discovery of the fraud, rescind the contract absolutely and sue in an action at law to recover the consideration parted with upon the fraudulent contract, or he may bring an action in equity to rescind the contract and in that action have full relief, or he may retain what he has received and bring an action at law to recover the damages sustained.

[2] ID.—RETENTION OF POSSESSION—ACCEPTANCE OF VENDOR'S TITLE—ACTION FOR DAMAGES.—While the vendee under an executory contract cannot retain both the land and the purchase price, he may pay the full purchase price or offer to do so, retain possession, and accept such title as the seller can give him and rely upon the vendor's personal responsibility to recover damages he may have sustained by reason of the vendor's breach of contract or false representations.

[3] ID.—DAMAGES FOR FRAUD AND DECEIT—RESTORATION UNNECESSARY.—An action for damages for fraud and deceit in the sale of real estate is based upon an affirmance of the contract and performance by the vendee, and it is not necessary that the vendee, in order to maintain such action, should rescind the contract, restore the possession or return anything which he may have received under the contract.

[4] ID.—FRAUD AND DECEIT—ACTION FOR DAMAGES—RESTORATION OF PREMISES.—In this action for damages for fraud and deceit arising

---

1. See 25 Cal. Jur. 559; 27 R. C. L. 379.
2. See 25 Cal. Jur. 560.
3. See 27 R. C. L. 631.

out of the purported sale by defendant to plaintiff of certain real estate to which defendant had no title, and on which plaintiff erected valuable improvements, the rule as to restoration of the premises was not applicable and plaintiff was not required to make any attempt to place defendant *in statu quo* before proceeding to file the complaint.

(1) 39 **Cyc.,** p. 1997, n. 98, 99, 1.   (2) 39 **Cyc.,** p. 2000, n. 22. (3) 39 **Cyc.,** p. 2088, n. 4, p. 2089, n. 5, 6, 7, 8, 9.   (4) 27 **C. J.,** p. 19, n. 49.

APPEAL from a judgment of the Superior Court of Yuba County. K. S. Mahon, Judge, Presiding. Affirmed.

The facts are stated in the opinion of the court.

J. E. Ebert and W. P. Rich for Appellant.

Arthur M. Bundy for Respondent.

PLUMMER, J.—Action for fraud and deceit in the sale of real estate. Plaintiff recovered judgment and defendant appeals.

The record shows that on or about the twenty-eighth day of April, 1922, the appellant purported to convey and transfer to the plaintiff by a grant, bargain, and sale deed a certain tract of land situate, lying, and being in the city of Marysville, county of Yuba, state of California, described as follows: The east one-half (E. ½) of block number fourteen (14), of range letter "K" of the said city of Marysville, as the lots, blocks, and ranges are laid down, numbered and designated upon the official recorded map of the said city of Marysville; that the appellant had at that time a certain tract of land inclosed by a fence which the defendant falsely represented to the plaintiff was the land described in the deed, the complaint further alleging that at the time of making such statements and representations the defendant knew the same to be false and that the false statements were made for the purpose of inducing the plaintiff to consummate the deal and enter into the possession of the premises inclosed by the fence hereinbefore referred to; that the defendant at that date was in possession of the premises inclosed by the fence. It further appears from the complaint and also from the transcript that the de-

fendant was not the owner of a considerable portion of the premises inclosed by the fence and that the plaintiff, relying upon the representations made by the defendant as to his ownership, made improvements upon that part of the premises inclosed by the fence aforesaid which, did not belong to the defendant and the title to which the defendant could not and did not transfer to the plaintiff by the deed herein referred to. It further appears from the testimony and the findings of the court that the plaintiff made improvements upon the premises altogether of a value of $653 and that the reasonable value of the land which the defendant purported to convey to the plaintiff and which he did not convey was of the value of $100. As a conclusion of law it was determined that the plaintiff was entitled to judgment against the defendant by reason of the facts referred to in the sum of $753.

Only one point is urged as a reason for reversing the judgment of the trial court, to wit, that the action was prosecuted without first surrendering the premises to the defendant or any attempt made by the plaintiff to place the defendant *in statu quo* before proceeding to file the complaint herein. The appellant cites a number of cases to the effect that before a purchaser can rescind a contract to purchase, as a condition precedent to bringing the action to recover the purchase money or damages, the plaintiff must place the vendor *in statu quo* or offer to restore possession of everything of value received by him. We do not need to examine the cases cited by appellant supporting the rule just stated. The law as stated by the appellant is absolutely correct, where an action is brought to rescind, but when the action is not brought to rescind the authorities cited have no application. As stated in 39 Cyc. 1997:

[1] ''One who has been induced by fraudulent representations to become the purchaser of property has, upon the discovery of the fraud, three remedies open to him, either of which he may elect: He may rescind the contract absolutely and sue in an action at law to recover the consideration parted with upon the fraudulent contract; he may bring an action in equity to rescind the contract and in that action have full relief; lastly, he may retain what he has received and bring an action at law to recover the damages sustained.''

[2] The authorities are also uniform to the effect that under an executory contract a vendee cannot retain both the land and the purchase price, yet that he may pay the full purchase price or offer to do so, retain possession and accept such title as the seller can give him and rely upon the vendor's personal responsibility to recover whatever damages he may have sustained by reason of the vendor's breach of contract or false representations. These cases are fully considered in the case of *Gates* v. *McLean*, 70 Cal. 42 [11 Pac. 489]; *Hickman* v. *Johnson*, 36 Cal. App. 342 [178 Pac. 145]; *Hines* v. *Brode*, 168 Cal. 507 [143 Pac. 729]. In the principal case, *Hines* v. *Brode*, *supra*, the court, considering the remedies available to a plaintiff under such circumstances where a vendee has completely paid the purchase price, states his remedy, as followed in the case at bar:

"In such a case also the vendee would have his action for damages for the deceit. The alternative to the vendee under such circumstances, and the only other course which he may follow, is that founded upon an affirmance of the contract. Here the vendee is obliged to accept the burden of the contract with its benefits, according to its terms, with the right to a recovery for the fraud based upon the fact that the benefits which he receives are not those which, under the representations of the vendor, he was entitled to receive. This last presents the usual situation in actions of this nature under executed contracts."

[3] An action for damages is based upon an affirmance of the contract and it is not necessary that the vendee in order to maintain such an action should rescind the contract, restore the possession, or return anything which he may have received under the contract. His remedy, as we have stated, where the purchase price has been paid and the vendee has complied with all the terms of the contract, if he so elects, is to bring an action such as is presented here for damages on account of the deceit. In 39 Cyc. 2088, the law is thus stated: "An action for damages is based upon and in affirmance of the contract, and it is not necessary that the purchaser, in order to maintain such action, should rescind the contract, restore possession of the premises, return anything that he may have received under the contract, or otherwise place the vendor *in statu quo* or offer to

do so; although the fact that the vendor has not been placed *in statu quo* may affect the measure of the damages."

See, also, 27 R. C. L. 631; *Shaw* v. *Wilkins*, 8 Humph. (Tenn.) 647 [49 Am. Dec. 692]; *Quinn* v. *Ames*, 36 Tex. Civ. App. 613 [83 S. W. 232]. Other cases might be cited, but as the rule stated in Cyc. appears to be unquestioned, we deem it unnecessary to cite further authorities. [4] The testimony in this case clearly shows that the defendant did not have title to the particular premises upon which the plaintiff placed the improvements referred to. And also that the defendant knowingly misrepresented to the plaintiff that he had title thereto and the findings of the court that the defendant knowingly and intentionally deceived the plaintiff for the purpose of inducing the plaintiff to purchase the premises is sufficiently sustained by the testimony set forth in the record. The appeal herein is apparently based upon misconception of the law that the rule as to the restoration or offer to restore the premises, where the action is simply for damages on account of the deceit, is the same as in an action for rescission. It follows that nothing of merit upon this appeal is presented for our consideration. The judgment of the trial court is therefore affirmed.

Hart, J., and Finch, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 22, 1926.