## SANDERS v. HICKMAN. (No. 1802.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 23, 1921.)

1. Fraud ⌒46—Petition held to show deception inducing trade.

In an action for fraud inducing a trade of lands, allegations that representations that a certain tract and a house thereon belonged to the lands sold were in part the inducement to the trade, that plaintiff paid the consideration on such representation, that he was ignorant that such tract was not included in the deed until after he had purchased and paid for the property, and that defendant did not own such tract, held to show plaintiff was deceived and induced thereby to pay the price.

2. Fraud ⌒35—Right to damages not defeated by failure to rescind.

The fact that one induced to purchase land by another's fraud as to its location, or what it includes, retains possession and elects not to rescind the sale, does not necessarily preclude him from recovering damages in an action for deceit.

3. Fraud ⌒22(1)—Vendee's omission to read deed held no defense.

A vendor who fraudulently represented that a certain tract of land and a house thereon were part of the land to be conveyed, thereby inducing vendee to pay the price he did, and fraudulently omitting such tract from the deed, cannot defend against his own wrong on the ground vendee could have discovered the omission by reading the deed, and that he was negligent in not sooner discovering the fraud and misrepresentation.

4. Reformation of instruments ⌒25—Failure to discover mistake by reading deed no defense to other party equally at fault.

If land is omitted from a deed by mutual mistake, failure of one to understand through omission to read, or give sufficient attention to, the contents of the instrument cannot avail as a defense to the other equally at fault.

5. Reformation of instruments ⌒19(1)—Instrument, not conforming to agreement because of mutual mistake or fraud, will be reformed.

Where a written instrument fails to conform to the agreement between the parties in consequence of a mutual mistake, however induced, or the mistake of one and fraud of the other, a court will reform it so as to make it conform to the actual agreement.

6. Fraud ⌒49—Proof of values not available in absence of allegations.

In an action for fraud in exchange of property, proof of values is not available in the absence of allegations thereof.

7. Fraud ⌒47—Allegations of facts as to damages essential.

In an action for fraud in exchange of property the petition must set forth the necessary facts to be considered in measuring damages.

8. Fraud ⌒47—Petition for fraud in exchange of property held not to allege necessary facts for measuring damages.

In an action for false representations inducing an exchange of property, a petition alleging the value of land fraudulently omitted from defendant's deed and stating that the amount plaintiff paid for the entire tract was the reasonable value of the same, including the omitted tract, without alleging the amount paid or the value of the property given in exchange, or the value of the land received, does not state the necessary facts for measuring damages, though sufficient on a general exception to state a cause of action for nominal damages.

9. Trial ⌒260(6)—No error in refusing requested instruction where substantially given in general charge.

In an action for damages for fraud inducing an exchange of lands, where the court in its

---

⌒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

general charge substantially gave the rules as to the measure of damages requested by plaintiff, an assignment of error in the overruling of a requested instruction as to such measure will be overruled.

**10. Fraud ⬅58(1)—Evidence insufficient to show damages for fraud in exchange of property.**

In an action for false representations as to land included in a deed given on an exchange of property, evidence *held* insufficient to show damages; the difference between the value of the property received and that given in exchange not being shown.

**11. Fraud ⬅59(1)—Measure of damages for fraud in exchange of property stated.**

The measure of damages for fraud inducing a purchase or exchange of property is what plaintiff lost in the deal.

Appeal from District Court, Hunt County; A. P. Dohoney, Judge.

Action by Frank Hickman against J. W. Sanders and others. Judgment for plaintiff against the named defendant, who appeals. Affirmed in part and reversed and remanded as to parties named.

Pope & Young, of Dallas, Dinsmore, McMahan & Dinsmore, and Harry L. Carpenter, all of Greenville, for appellant.

C. F. Greenwood, of Dallas, and Clark & Sweeton, of Greenville, for appellee.

HUFF, C. J. This action was brought by appellee, Hickman, against appellant, J. W. Sanders, and several other parties, not necessary to name at this place. It was alleged:

That prior to the 3d day of July, 1918, the defendant Sanders was the owner of tracts of land in Hunt county, Tex., bounded and described, giving the boundaries of two surveys of land. "That on or about said date the defendant Sanders, by warranty deed, for a valuable consideration, conveyed to the plaintiff said tracts of land. That prior to the time said conveyance was made, and in order to induce plaintiff to purchase said property, the defendant Sanders, among other things, represented to him that a certain house, situated on a tract of about 2 acres of land in which the defendant Tanzy resided at said time, was a part of the tracts of land to be conveyed. That plaintiff made the trade and paid the consideration for said property in part upon the representations aforesaid, and in the belief and with the understanding that said house and the tract of land upon which it was located constituted a part of the land he was purchasing, and that plaintiff never knew anything to the contrary until long after he had purchased and paid for said property. That said tract of land was of the reasonable value of from $800 to $1,000. That as a matter of fact it constituted no part of the tract of land belonging to the defendant Sanders. That he did not include the same in his deed he made to the plaintiff, and that, if plaintiff is mistaken in the allegations that he did not own said house and tract of land, then he alleges the fact to be that said defendant left said tract and said house out of the conveyance purposely and fraudulently. That in either event plaintiff procured property worth from $800 to $1,000 less than it would have been worth had such representations been true and had said house and lot been covered by the conveyance aforesaid. That the said Sanders also represented that while the land above described was in possession of tenants who had the right to the possession until the end of that year, plaintiff could procure without expense possession of 100 acres thereof for the purpose of planting the same in wheat during the fall of 1918. That as a matter of fact said 100 acres would have been surrendered to him for the purpose aforesaid by tenants who had cultivated the same during said fall, and plaintiff would have planted the same in wheat and grown a wheat crop thereon in 1919, but for the facts herein alleged."

That after the trade was closed and deed delivered Sanders rented to defendants Tanzy and Thomas for another year, and thereby encouraged them not to deliver possession of the land to appellee, and prevented their doing so, whereby Hickman was prevented from sowing any wheat on the farm that fall, to which he laid his damage at $3,000. The case was submitted to a jury upon a general charge, and the jury returned a verdict in favor of Hickman against Sanders for $800 damages, and upon instruction by the court rendered a verdict in favor of Thomas and Tanzy against Hickman, and a verdict in favor of Sanders against Thomas and Tanzy. There is no complaint in this court on the ground that the court instructed the verdicts as above stated, and the only issue here is between Hickman and Sanders.

The first and second assignments are founded upon the action of the court in overruling exceptions 1c and 1d. Exception (c) is that the petition "does not show that plaintiff was deceived by the alleged misrepresentation, and by reason of such deception took the conveyance from this defendant of the land as alleged," and (d) "does not show that plaintiff was deceived by the alleged misrepresentation and by reason of such deception took the conveyance without knowledge of the alleged omission and does not show any misrepresentation or fraud on the part of this defendant, inducing him to do so." The exceptions are addressed to that part of the petition which alleges appellant represented a 2-acre tract of land with the house thereon belonged to the land which was being traded for and as part thereof. The appellant presents as propositions in effect: A party to a deed of conveyance is charged with knowledge of the contents thereof, unless he proves some artifice or fraud on the other party, whereby he is prevented from reading the instrument or learning its contents; (2) where a deed is avoided

or damage recovered for fraud or deceit, such fraud or deceit has always been to some matter extraneous to the written conveyance itself or with reference to the contents, and some reason must be shown why the complaining party did not read the instrument.

[1] This is not a suit for rescission, cancellation, nor to reform a deed, but for damages on representation inducing the trade which were facts extraneous of the deed. It is based on fraud and deceit. We think the petition sufficiently shows deception in the representation that the land and house belonged to the tracts of land being sold, and were in part the inducement to the trade, and that appellee paid the consideration upon such representation, that he was ignorant that the 2 acres were not in fact included in the deed until long after he had purchased and paid for the property, and in effect alleged that the appellant did not in fact own the 2 acres and house. This, we think, sufficiently alleged that appellee was deceived and was induced thereby to pay the price he did for the land. The allegations were not made for the purpose of varying the terms of the written instrument, but to the end of showing that the appellee was induced to purchase the land upon the false representations that the land included the two acres and the house. U. S. Gypsum Co. v. Shields, 106 S. W. 724; Commonwealth, etc., v. Bomar, 169 S. W. 1060; Moore v. Beakley (Com. App.) 215 S. W. 957.

[2] Where a party is induced to purchase land by the other's fraud or deceit as to its location, or what it includes, the fact that the defrauded party retains possession of the land and elects not to rescind the sale does not necessarily preclude him from recovering damages therefor in an action for deceit. Mitchell v. Zimmerman, 4 Tex. 75, 51 Am. Dec. 717; Guinn v. Ames, 36 Tex. Civ. App. 613, 83 S. W. 232; Blythe v. Speake, 23 Tex. 429; Grabenheimer v. Blum, 63 Tex. 369; Hallwood, etc., v. Berry, 35 Tex. Civ. App. 554, 80 S. W. 857.

[3] The appellant, having represented that the 2 acres and the house were part of the land to be conveyed, or which he was selling, inducing the appellee thereby to pay the price he did, and fraudulently omitting from the deed the 2 acres, is in no position to defend against his own wrong by relying upon the fact that appellee could have discovered the omission by reading the deed, and that he was negligent in not sooner discovering the fraud and misrepresentation. Buchanan v. Burnett, 102 Tex. 492, 119 S. W. 1141, 132 Am. St. Rep. 900; Labbe v. Corbert, 69 Tex. 503, 6 S. W. 811.

[4, 5] If omitting the 2 acres had been only a mutual mistake, the failure of one to understand through omission to read or give sufficient attention to its contents cannot avail as a defense to the other equally at fault.

"Indeed, in most of the cases to be found in the books, where relief has been sought against written instruments on the ground of fraud and mistake, the complaining parties were chargeable with the same kind of negligence which exists in this case, to wit, the omission to read or understand the contents of instruments executed or accepted. It has certainly never been announced as the law in this state that the mere omission to read or know the contents of a written instrument should bar any relief by way of a reformation of the instrument on account of mistake or fraud. It is the general rule that where a written instrument fails to conform to the agreement between the parties in consequence of the mutual mistake of the parties, however induced, or the mistake of one party and fraud of the other, a court will reform the instrument so as to make it conform to the actual agreement between the parties." Kelley v. Ward, 94 Tex. 289, 60 S. W. 311.

Although the appellant led appellee into error in accepting a deed which did not include the land agreed upon, he now insists that he ought not to have accepted such deed, and that appellant may take advantage of that error, saying, in effect:

"Because you trusted me and did not investigate for yourself I will hold the advantage which I have gained thereby, and you must suffer the loss." National Bank v. McLane, 96 Tex. 55, 70 S. W. 201.

The facts, we think, are sufficiently stated; that is the representations made, the inducement to the trade, the false representation and, further, the fraudulent omission of the land from the deed—in effect a failure to convey. This sufficiently alleged facts constituting deceit.

[6, 7] The third and fourth assignments are based on the action of the trial court in overruling exceptions 1f and 1g. They are to the effect that the petition failed to show that appellee had been damaged by the misrepresentation, that the misrepresentations are immaterial, and that all the allegations are insufficient to show a cause of action. It is asserted by proposition that in the exchange of land the measure of damage for fraud and deceit is the difference in the value of that which plaintiff actually received and the value of that which he parted with. In addition to the original petition the plaintiff filed the following trial amendment:

"That if he is mistaken in the measure of his damages for the fact that the 2-acre tract of land and house thereon was represented to be, but not included, in the conveyance from Sanders, then he says that the amount he paid for the entire tract was the reasonable value of the same, including this tract, but that without said 2 acres the entire property was worth less by $800 to $1,000 than what he paid,

(235 S.W.)

and that by reason of the facts alleged in his petition he is entitled to recover $800 or $1,000, because said 2 acres were not included in his conveyance."

The exceptions do not specifically point out the defect in failure to allege the proper measure of damages. They amount only to a general exception, to the effect that the entire petition fails to state a cause of action. Damages were sought on the ground that appellant induced the tenants on the place to refuse to surrender possession of the land to appellee. Without discussing or setting out the allegation on that point, it may be said the petition is very indefinite in its allegations with reference to inducing the tenants to hold possession of the land and the refusal to surrender 100 acres to sow in wheat and the damages accruing from such conduct. It may be a general exception would not meet the defects. It will be observed the petition does not allege that the land in question was acquired in an exchange of land which the facts in this case disclose. It would appear from the petition that it was simply a sale of the two tracts of land described in the petition. It is exceedingly doubtful if the petition alleges facts sufficient to authorize a recovery of damages on the false representations. The allegation of plaintiff's petition must be sufficient to constitute a legal basis on which to predicate judgment in his favor. In an action to recover damages for fraud in exchange of property, proof of values is not available, in the absence of allegations thereof, and the petition must set forth the necessary facts to be considered in measuring damages. Medley v. Lamb, 223 S. W. 1048.

[8] Clearly the original petition does not allege the necessary facts. The trial amendment alleges, "That the amount he paid for the entire tract was the reasonable value of same, including this tract [2 acres]." Without the 2 acres the entire property was worth less by $800 to $1,000 than what he paid. It is not alleged what he paid or the value of the property he gave in exchange or the value of the land he actually received in exchange, except, it is stated, the amount paid was the reasonable value of the entire tract, including the 2 acres. It is possibly true under a general exception we would not be justified in holding the petition insufficient to state any cause of action. The appellee would be entitled to recover at least nominal damages. Moore v. Beakley, supra.

[9] The fifth assignment of error will be overruled for the reason that the court, in its general charge, substantially gave the rules as to the measure of damages requested by appellant.

The sixth, seventh, eighth, ninth, and tenth assignments will be overruled. We believe what has been said by us herein will suffi-ciently indicate our reasons for overruling these assignments.

[10, 11] The eleventh assignment we think should be sustained. It is our view the evidence does not show that the appellee sustained a loss in the exchange of lands or the sale by reason of the deceit. The appellee owned land in Denton county, which he exchanged for appellant's land in Hunt county. The value of the land in Denton county is not shown. The testimony shows that in the trade appellee was conveyed 485 acres in the two tracts described in his petition, situated in Hunt county; that he assumed $10,000 indebtedness against the two tracts and gave his note for $20,000 and his equity in the Denton county land, valued in the trade at $7,200, making a total of $38,000. The lowest value placed on the Hunt county lands at the time of the trade is $80 per acre, or $38,800. In several places the appellee Hickman gave the value of the Hunt county land at the time of the trade as $100 per acre. As stated, the value of the Denton county land is not shown at the time of the trade, only the agreed value for the equity at $7,200. The 2 acres in controversy are shown to have been only average land with reference to the 485 acres conveyed, and the house worth about $500. It is manifest no loss is shown to have been sustained by the appellee in failing to get the house and the 2 acres in the trade or exchange of lands. Clearly the difference between the value of the property received and the value of the property given in exchange is not shown. The damage which the appellee was entitled to recover, if he was deceived, is what he lost in the exchange or the purchase. George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456; Medley v. Lamb, 223 S. W. 1048. The facts in this case would not justify a verdict in favor of the appellee for $800, on account of renting the land to Thomas and Tanzy by appellant, or in inducing them not to surrender 100 acres to sow in wheat. Without trying at this time to determine the effect of the instructed verdict in favor of the tenants, Thomas and Tanzy, as against appellee, it is clear the court evidently concluded they had not wrongfully withheld the land from appellee. Just how appellant would be liable for the wrong of the tenants when they themselves are not liable we do not clearly perceive at this time. At any rate, it is manifest, we think, the jury did not assess damages against appellant on the ground that the tenants refused to surrender possession to appellee or to agree that appellee should have 100 acres to sow in wheat.

The judgment awarding appellee damages against appellant will be reversed, but the judgment as to the other parties and the issues thereunder will be affirmed. Affirmed in part, and reversed and remanded in part.