### McCREA v. SPRUILL. (No. 6536.)

(Court of Civil Appeals of Texas. Austin. Jan. 31, 1923.)

**1. Fraud ⬭59(3)—Measure of damages stated.**

In estimating the damages occasioned by fraudulent representations in an exchange of lands, the measure is not the difference in the market value of such land as it is in fact, and the agreed price, but is the difference between what the party defrauded gave for the land which he obtained and what he received in exchange.

**2. Fraud ⬭49—Proof of value not admissible in absence of allegation.**

In action for damages for false representations in exchange of land where there was no allegation as to the value of a farm given in trade, proof of such value was not admissible.

---

⬭For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Appeal and error ⬤⟳930(3)—No presumption as to finding in absence of pleading.**

Rule that appellate court must presume that the trial court found a certain fact, where no request was made for such finding by the jury, does not apply, where for want of allegations there is no pleading upon which to base such finding.

**4. Appeal and error ⬤⟳719(4)—Error held fundamental.**

Where neither party in action for damages for false representations in exchange of land alleged the value of a farm given in trade, there was fundamental error, necessitating a reversal of a judgment for plaintiff, regardless of whether or not it was presented by appellant's assignment.

**5. Trial ⬤⟳89—Court erred in not withdrawing testimony in view of cross-examination.**

Where testimony as to the value of a house appeared upon cross-examination to be hearsay, though witness qualified himself on direct examination to testify as to such value, the court erred in not sustaining a motion to withdraw such testimony from the jury.

Appeal from District Court, Lampasas County; M. B. Blair, Judge.

Action by Will Spruill against D. N. McCrea. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

H. F. Lewis, of Lampasas, and Walters & Baker, of San Saba, for appellant.

W. H. Browning, of Lampasas, and Evetts & White, of Temple, for appellee.

### Findings of Fact.

JENKINS, J. Appellee sued appellant for damages on account of alleged fraudulent representations made by appellant as to the value of property in the town of Lometa. Appellee alleged the facts upon which he relied to constitute such fraud; that he paid $2,500 for such property, and that the market value of the same at the time of such purchase was only $1,500; that by reason of the facts alleged he was damaged in the sum of $1,000. Appellant answered, in addition to a general denial, that he did not sell said property to appellee for cash, but in part payment for a farm at the agreed price in such trade of $10,000. The undisputed evidence supported appellant's allegation as to the nature of said transaction; that is to say, appellee exchanged a farm for the agreed price of $10,000 for the lot in Lometa, at the agreed price of $2,500, to other lots at the agreed price of $1,500, a vendor's lien note for $1,000, given for other property, and the vendor's lien note of appellant for $5,000. G. M. Sweeney testified without objection that the farm put into the trade by appellee was worth $6,600. No other witness testified as to such value. The case was submitted upon the following special issues:

"Do you find from a preponderance of the evidence that D. N. McCrea represented to the plaintiff, Will Spruill, before and at the time of the sale or exchange of the property in question, described in plaintiff's petition, that the lumber and material in the house on said property alone cost $2,200.00; that Tom Romans told him so, and that the books of the Barnes Lumber Company showed that the material in said house cost $2,200.00? Answer Yes or No. Answer: Yes. Ed. Young, Foreman.

"Special issue No. 2: Do you find from a preponderance of the evidence that said representations, if made by the defendant, were false? Answer Yes or No. Answer: Yes. Ed. Young, Foreman.

"Special issue No. 3: Do you find from a preponderance of the evidence that said plaintiff, Will Spruill, was deceived by said representations made by defendant, D. N. McCrea, if they were made by him? Answer Yes or No. Answer: Yes. Ed. Young, Foreman.

"Special issue No. 4: Do you find from a preponderance of the evidence that plaintiff, Will Spruill, was induced to purchase said property or trade therefor by reason of said representations made to him by defendant, D. N. McCrea, if he made same? Answer Yes or No. Answer: Yes. Ed. Young, Foreman.

"Special issue No. 5: Do you find from a preponderance of the evidence that the plaintiff would not have made the trade with the defendant that he did make, and have allowed him $2,500.00 for said property but for the said representations made by McCrea, if he did make same? Answer Yes or No. Answer: Yes. Ed. Young, Foreman.

"Special issue No. 6: What was the reasonable market value in cash of the house and lot in question in Lometa, Tex., on the 19th day of February, A. D. 1919? Answer: $1,800.00. Ed. Young, Foreman."

The evidence admitted by the court sustains the findings of the jury.

### Opinion.

[1] In estimating the damages occasioned by fraudulent representations in an exchange of lands, the measure of such damages is not the difference in the market value of such land as it is in fact and the agreed price, but is the difference between what the party defrauded gave for the land which he obtained and what he received in such exchange. George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456; Sanders v. Hickman (Tex. Civ. App.) 235 S. W. 278; Medley v. Lamb (Tex. Civ. App.) 223 S. W. 1048; Foster v. Atlir (Tex. Com. App.) 215 S. W. 955; Montgomery v. McCaskill (Tex. Civ. App.) 189 S. W. 797.

[2, 3] Appellant did not allege the value of the farm which he gave in the trade. In the absence of such allegation, proof of such value was not admissible. Sanders v. Hickman, supra; Medley v. Lamb, supra. Not only was there no allegations in the plead-

ings of either party as to the value of the farm, but there was no findings of the jury as to such value. Had such value been pleaded, the court could not have rendered judgment on the findings of the jury, by reason of their failure to find such value, except upon the theory that, as no request was made for such finding, we must presume that the court found the same in such manner as to sustain the judgment rendered. We cannot indulge such presumption in the instant case for the want of pleading upon which to base such finding, and also for the reason that the statement of facts shows that such finding would have been against the only evidence in the record on that issue. Appellee received for his farm—

| | |
|---|---|
| Appellant's vendor's lien note for | $5,000 00 |
| Other property | 1,500 00 |
| Another note for | 1,000 00 |
| The house and lot in Lometa, which the jury found was of the value of | 1,800 00 |
| Total | $9,300 00 |
| Value of his farm as shown by statement of facts | 6,600 00 |
| Received in excess of value given | $2,700 00 |

[4] We think the issue above discussed is presented by appellant's assignments, but, regardless of whether it is or not, the error is fundamental, and necessitates a reversal of the judgment herein. Wetmore v. Woodhouse, 10 Tex. 33; Salinas v. Wright, 11 Tex. 572; Wilson v. Johnson, 94 Tex. 272, 60 S. W. 242; Hahl v. Kellogg, 42 Tex. Civ. App. 636, 94 S. W. 389.

[5] The testimony of appellee as to the value of the house on the lot appeared upon cross-examination to be hearsay, though he had qualified himself on direct examination to testify as to such value. Such being the case, the court erred in not sustaining appellant's motion to withdraw such testimony from the jury. Railway Co. v. Hitchins, 26 Tex. Civ. App. 400, 63 S. W. 1069; Echols v. Stevens (Tex. Civ. App.) 196 S. W. 365.

For the reasons stated, the judgment herein is reversed, and this cause is remanded for a new trial.

Reversed and remanded.

BLAIR, J., not sitting.