**BADEN et al. v. DERAGOWSKI. (No. 8001.)**

Court of Civil Appeals of Texas. San Antonio.
May 9, 1928.

Rehearing Denied June 6, 1928.

1. Exchange of property ⬤⟳8(3)—Allegation of valuation of plaintiff's lands in exchange forms no basis for damages and rescission for fraud; allegation and proof of actual value being required.

Allegation of what plaintiff's lands were valued at in exchange for defendants' lands forms no basis for damages and rescission for fraud; allegation and proof of actual value of each party's lands being required.

2. Fraud ⬤⟳59(3)—Measure of damages for fraudulent representations in exchange of properties is difference between values of property given and received.

The measure of damages for fraudulent representations in exchange of properties is the difference between the values of the property received and that given in exchange.

3. Cancellation of instruments ⬤⟳43—Damages must be alleged and proved to authorize rescission of contract.

To obtain equitable relief by rescission of contract, it is necessary to allege and prove damages.

Appeal from District Court, Hidalgo County; J. E. Leslie, Judge.

Suit by August Deragowski against J. M. Baden and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Bryce Ferguson, of Pharr, and Thompson & McWhorter, of Weslaco, for appellants.
J. F. Carl, of Edinburg, for appellee.

FLY, C. J. This is a suit instituted by appellee against J. M. Baden and wife, Ruby Baden, J. J. Maurer and wife, Agnes Maurer, and W. E. Baden and wife, Grace Baden, appellants herein, to rescind an exchange of properties between appellants and appellee, and in the alternative for judgment against appellants for $8,000, as evidenced by notes given by appellee, and for $4,400, if certain Kansas property has been sold by appellants, and if the Texas land owned by appellee had been disposed of so that the transfer of it could not be canceled, then appellee prayed for its value in the sum of $2,500.

The cause was submitted to a jury on special issues, and judgment was rendered, by virtue of the answers of the jury, that the contract of sale and exchange of the properties owned by appellants and appellee be rescinded and all the written instruments pertaining thereto and executed in pursuance of said contract be canceled and set aside and held to be null and void and the parties required to execute deeds to the lands exchanged, one to the others. In the event such deeds were not executed by appellants reconveying the land originally owned by appellee to him, then appellee should recover of appellants the sum of $7,500, said sum to be credited on two promissory notes, for $4,000 each, and the deeds as made be declared valid and binding. The judgment explains as follows:

"That is to say, in the event defendants fail or refuse to make and deliver the deeds herein provided, within the time provided, then the 60 acres of land which was conveyed to August Deragowski would stand, and he would owe only the sum of $500 on said two notes, and title thereto is hereby vested in him subject only to an unpaid balance of $500 on said two vendor's lien notes, each for $4,000."

Appellee alleged that on or about March 14, 1927, appellants owned 60 acres of land, all of lot 235 and north half of lot 236; that appellee at the same time owned the north 10 acres of lot No. 1, section 243, of the Edinburg tract in Hidalgo county, and 80 acres of land in Bourbon county, Kan.; that he mentioned to J. M. Baden, whom he met in the latter's furniture store in Pharr, that he (appellee) had some land in Kansas that he would like to trade for some good citrus land in Hidalgo county; that said Baden told appellee about the 60 acres of land herein described. Appellee then alleged that he was an old man, being 69 years of age, was born in Poland, and speaks and understands the English "very poorly"; that J. M. Baden is a young man, about 38 years of age, a vigorous business man, and, being an auctioneer, was "trained in the art of making quick deals and sales and of making people buy whether they want to buy or not"; that he talked so fast that the average man could not follow him and resorted to a multitude of words to cover his meaning and confuse his victim, and succeeded in doing this with appellee. He alleged that the 60 acres of land was shown to him by J. M. Baden, with the exception of about 20 acres, which was soaked with water, which was not shown to him, but was told it would dry up in three weeks and that

---

⬤⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

it was high-class land. Appellee alleged that the land sold him by appellants for $250 per acre was not worth that sum. He alleged that in the trade his Kansas land was valued at $75 an acre, aggregating $6,900, and his 10 acres of Texas land was valued at $2,500, or $250 an acre. He alleged that the land traded to him by appellants was not of greater value than $100 per acre. Appellee alleged that to make up the difference between the valuation of his lands and that of appellants he executed two notes for $4,000 each, payable to J. J. Maurer, who was acting for the other appellants.

[1] While the land traded to him by appellants was alleged more than once to not exceed $100 an acre in value, the value of his land, both in Kansas and Texas, was never alleged. Without that allegation and proof there could be no basis for damages, and consequently no basis for rescission on the ground of fraud. An allegation of what the lands were valued at in the exchange does not contain the necessary facts to form a basis for the damages, but it must be an allegation followed by proof of the actual value of the lands exchanged, not the value of the lands of one. party to the contract, but the actual value of the lands of each party which were the subject of the exchange.

[2] In answer to a question certified by this court, in George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456, the Supreme Court held that on an exchange of properties, the measure of damages for fraudulent representations is the difference between the value of the property received and that given in exchange. That measure of damages can be ascertained only by allegation and proof of the value of the respective properties. In this case not only was there a failure to allege the value of the 10 acres of Texas land and 80 acres of Kansas land, but the proof tended to show that no value was placed upon it. The George-Hesse Case is firmly established as laying down the proper and only rule for the ascertainment of damages in the exchange of properties. Medley v. Lamb (Tex. Civ. App.) 223 S. W. 1048; Sanders v. Hickman (Tex. Civ. App.) 235 S. W. 278; Industrial Transp. Co. v. Russell (Tex. Civ. App.) 238 S. W. 1030; Id., 113 Tex. 441, 251 S. W. 1034, 258 S. W. 462, 51 A. L. R. 1; McCrea v. Spruill (Tex. Civ. App.) 248 S. W. 114; Booth v. Coward (Tex. Com. App.) 265 S. W. 1026; Irrigation Co. v. Bellman (Tex. Civ. App.) 272 S. W. 550.

[3] It is true that the primary object of this suit is to rescind the contract of exchange and all papers relating thereto and is for damages only. in the alternative, but in a case of pure rescission it becomes necessary to allege and prove damages. There must be some injury in such cases in order to obtain equitable relief. The authorities on this subject have been fully reviewed by the Supreme Court in the cited case of Russell v. Industrial Transp. Co., 113 Tex. 441, 251 S. W. 1034, 258 S. W. 462, 51 A. L. R. 1. The rule has not varied but is supported in all cases of rescission. The petition was not sufficient to form a cause of action, and the error in submitting it to a jury and rendering judgment thereon is fundamental error.

The judgment is reversed and the cause remanded.