## CROSSLAND v. EVANS et ux.
### No. 9958.

Court of Civil Appeals of Texas.
San Antonio.
Feb. 24, 1937.

P. G. Greenwood, of Harlingen, for appellant.

Polk Hornaday, of Harlingen, for appellees.

MURRAY, Justice.

This suit was instituted by Lynn T. Crossland against Doc O. Evans and Mercy P. Evans, husband and wife, seeking to recover the amount of principal, interest, and attorney's fees due on one certain vendor's lien note, in the principal sum of $1,280, being note No. 5, of a series of five notes, signed by Doc. O. Evans, and payable to John W. See, and further seeking a foreclosure of the vendor's lien against 35 acres of land out of farm block No. One, David & Stephens subdivision of survey 26, in Cameron county.

Evans and wife pleaded that they had been defrauded when they purchased the 35 acres of land and as a result of the fraud they should be relieved from the payment of note No. 5.

The case was tried to a jury on a number of special issues, and upon their answers judgment was rendered denying to Crossland, who was the then holder of note No. 5, any recovery, and decreeing that he take nothing by reason of his suit.

From this judgment Crossland has prosecuted this appeal.

Appellant, Crossland, first complains of the action of the trial court in sustaining exceptions to his plea of estoppel. His plea of estoppel was in the following language:

"Again comes the Plaintiff and would show that the First Amended Original Answer of the Defendants did not constitute

a defense to Plaintiff's cause of action for the following reasons.

"1. Because this plaintiff purchased said note in the due course of business for a valuable consideration on or about September 1, 1934, without notice of any character of said alleged defenses from the defendants or from any other fact or circumstance and plaintiff knew at the time he purchased said note that the defendants had used, occupied and enjoyed said property for a number of years and by reason of the facts and circumstances and the fact that plaintiff knew that the defendants had occupied, used and enjoyed said land for a number of years and had paid the four preceding notes, together with the interest thereon and the interest on this note to September 1, 1932, that the plaintiff is an innocent purchaser for value without notice of said note and the lien securing the same and has, since the purchase of said note and on or about the 8th day of March, 1935, obtained a formal legal transfer of the lien and by reason of the facts and circumstances, Plaintiff is not only an innocent purchaser, but defendants are estopped to set up such alleged defenses and are guilty of laches in connection with the same."

■ We are of the opinion that the court did not err in sustaining this exception. Appellees, Evans and wife, were not seeking a rescission of their purchase of the 35 acres, but merely seeking to be relieved of the payment of one of the purchase-money notes, because of the alleged fraud perpetrated upon them in the sale of the land. The fact that they had used, occupied, and enjoyed the land for a number of years and had paid four of the vendor's lien notes would not estop them from pleading the fraud and asking to be relieved of the payment of the last note of the series. If a purchaser is to seek rescission of a sale of land, he must act promptly. American Land Co. v. Dale (Tex.Civ. App.) 55 S.W.(2d) 229; Luckenbach v. Thomas (Tex.Civ.App.) 166 S.W. 99. However, if he only desires to abate a part of the purchase price evidenced by a vendor's lien note, he may confirm the sale, retain the land, and ask to be relieved from the payment of the note when suit is filed against him. Crossland did not allege that he purchased the note before maturity, but, on the contrary, the record discloses that he in fact purchased it after maturity, and therefore the signers of the

note were entitled to plead all equities that might have been set up against the original payee. Mason v. Peterson (Tex.Com. App.) 250 S.W. 142.

Appellant next contends that the findings of the jury were not sufficient to show the amount of damages, if any, sustained by appellees.

■ The jury found that the 35 acres of land was actually worth only $200 per acre, but there is no finding as to what the land would have been worth if it had been as represented. Article 4004, R.C.S., makes the measure of damages in a land fraud case the difference between the value of the property as represented and the actual value of the property in the condition it is delivered at the time of the sale. Reed v. Hester (Tex.Com.App.) 44 S.W. (2d) 1107.

In the case at bar, however, there was an exchange of properties. Appellees exchanged certain property in the state of Louisiana for the 35 acres in Cameron county, Tex., and gave in addition to the Louisiana land five vendor's lien notes, each for the sum of $1,280.

There is no finding of the jury as to the value of the land in Louisiana. The value is not even pleaded by appellees. In the absence of a finding as to the value of the land in Louisiana, it is impossible to determine what was paid for the 35 acres in Cameron county. Baden v. Deragowski (Tex.Civ.App.) 7 S.W.(2d) 123.

■ It has been held that, where an exchange of property is induced by fraud, the measure of damages is the difference in value of the property given and that received. If we apply that rule here, we again find insufficient findings, as there is no finding of the value of the property formerly owned by appellees. Bryant v. Vaughn (Tex.Com.App.) 33 S.W.(2d) 729; Sibley v. Southland Life Ins. Co. (Tex.Sup.) 36 S.W.(2d) 145.

■ Appellees, having failed to plead, prove, and elicit findings of the jury of sufficient facts to furnish a proper measure of damages, if any, sustained by them, were not entitled to a judgment relieving them of the payment of their obligation evidenced by note No. 5, herein sued upon. It is true that they need not show their total damage, but only that such damages exceeded the amount due on note No. 5. In the present state of the record it is impossible to determine any amount of dam-

age. An allegation of what the lands were valued at in the exchange does not contain the necessary facts to form a basis for damages. Baden v. Deragowski, supra.

The case does not show that it was fully developed upon the trial, and accordingly the judgment will be reversed and the cause remanded for a new trial.

Reversed and remanded.