## PAYTON v. CITY OF BIG SPRING et al.

### No. 2211.

Court of Civil Appeals of Texas. Eastland.

Dec. 5, 1941.

Rehearing Denied Jan. 9, 1942.

Thomas & Thomas, of Big Spring, for appellant.

Coffee & Coffee and Sullivan & Sullivan, all of Big Spring, for appellees.

GRISSOM, Justice.

The City of Big Spring filed its suit in trespass to try title against Thelma McGee, a widow, and Florence Payton and husband, Walter Payton, to a tract of land which was a part of the tract used by the City for an airport. Thelma McGee answered by a plea of not guilty, and, by way of "cross-action" against Florence Payton and husband, alleged that in March, 1940, the Paytons conveyed to her by general warranty deed a strip of land 125 feet east and west by 100 feet north and south out of a certain tract adjoining said airport. She alleged that at the time of the purchase the Paytons pointed out the property she was purchasing and the improvements thereon and told her said tract extended 100 feet south from the south line of Highway 80 and represented they owned and were conveying said land to her. That she believed said representations and believed the tract described in her deed from the Paytons in fact extended from the south line of the highway as the north boundary of said tract a distance of 100 feet, thus including all the improvements pointed out to Mrs. McGee. That but for such false and fraudulent representations she would not have accepted the deed to the property and agreed to pay the purchase price therefor, to-wit, $2,700. She alleged the payment of $500 in cash and the execution of an installment vendor's lien note for $2,200; that she had paid the installments as they accrued and reduced the note to $2,000. That the land described in the deed actually included a tract of land approximately 50 feet in width which was included in Highway 80 "and that instead of having a tract of land 100 feet north and south by 125 feet east and west, that of the land described in said deed, this defendant only actually has a tract approximately fifty feet (50') north and south extending south from the south boundary line of said U. S.

Highway No. 80, and that the said Florence Payton and Walter Payton in fact conveyed to this defendant approximately 50 by 125 feet to which they did not have title and to which they could not give possession, but due to the false and fraudulent representations made to this defendant by the said Florence Payton and Walter Payton this defendant believed that in fact the said Florence Payton and Walter Payton owned the full 100 feet lying south of the south line of said Highway, and that they were conveying to this defendant such tract of land."

Thelma McGee alleged that a part of her house was located on land claimed by the City in its suit, and that if the City prevailed she would be required to move her building; that she would have to make new cesspools and changes in the facing of the building; that the expenses in making said changes and the damages caused to the building in making them, together with the value of the loss of the land, etc., would cause her great damage, for which the Paytons were liable.

She alleged that if the City prevailed in its suit she would be damaged in the sum of $2,000 as the direct and proximate result of the fraud perpetrated on her. That the property actually conveyed by the Paytons was of a value of $2,000 less than that pointed out by the Paytons. That she had already paid as much as the value of the property actually conveyed and asked for cancellation of the unpaid portion of the installment note, to-wit, $2,000, "by reason of the partial failure of warranty to the property heretofore purchased by this defendant" from the Paytons.

Intermingled with allegations of fraud were allegations to the effect that in the deed the Paytons warranted the title to the property conveyed; that the Paytons were responsible to her on their warranty, and she pleaded partial failure of said warranty, and that, in the event the City of Big Spring should prevail in its suit, that she "be given damages for the actual loss of the acreage and real estate as well as for the damages suffered and sustained by * * * [her] for the fraud perpetrated on * * * [her]."

On the same date, by separate instruments, Mrs. Payton filed her plea of not guilty as to the suit by the City; a plea in abatement as to the suit of the City; a plea in abatement as to the cross-action of Thelma McGee, and an answer to the cross-action of Thelma McGee. Mrs. Payton's answer to Mrs. McGee's cross-action consisted, among other things, of allegations, in substance, that there was no real controversy between the City and Thelma McGee, and that the Paytons were not proper parties to the suit brought by either of them; a general demurrer, special exceptions, and a general denial. Mrs. Payton alleged that in March 1940 the Paytons executed a general warranty deed to Thelma McGee conveying to her a tract of land 100 feet wide and 125 feet long; that none of the land described therein was included in the land sued for by the City; that they were different tracts of land, and that there had been no breach of the warranty contained in the deed from the Paytons to Thelma McGee. She alleged that Thelma McGee had notice that the north 50 feet of the tract of land conveyed to her was subject to an easement and was being used as a public highway, and with such knowledge accepted the deed and paid a part of the consideration and could, therefore, not assert either fraud or breach of warranty. Mrs. Payton alleged she had offered to return to Thelma McGee all payments made, conditioned upon a reconveyance of the property to the Paytons, but that Thelma McGee had refused to make such reconveyance. She alleged a conspiracy between the City and Thelma McGee whereby Thelma McGee was to retain the property without paying for it. Mrs. Payton further alleged that the tract of land 100 by 125 feet conveyed to Thelma McGee had certain improvements on it, and that its north side was burdened with an easement; that there was a business conducted on the premises and that at the time of the sale the things mentioned were "a unit and of such a nature as to be indivisible and defendants in this cross-action here allege that said sale was one in aversionem and that there can be no partial abatement of the purchase price of the said tract even in case of a partial failure or breach of the warranty in said deed; that the remedy, if any, on account of a partial failure of the consideration or a partial breach of the warranty, is to return the property, as a unit, unto these defendants * * * and demand the return of the whole of the consideration plus legal interest thereon."

All special pleas, demurrers and exceptions were overruled. The cause was submitted to the jury on four special issues, which issues and the answers thereto are as follows:

"Special Issue No. 1. Do you find from a preponderance of the evidence that defendant Florence Payton represented to Thelma McGee that the tract of land sold and conveyed by defendant Florence Payton and husband Walter Payton to the said Thelma McGee on March 26, 1940, was a tract of land extending 100 feet south from the south line of United States Highway No. 80? Answer: Yes.

"Special Issue No. 2. Do you find from a preponderance of the evidence that the representation, inquired about in special issue No. 1, if you have found that the defendant Florence Payton made such representation, was a material inducement to the said Thelma McGee to purchase the real estate in question and but for which she would not have done so? Answer: Yes.

"Special Issue No. 3. What, from a preponderance of the evidence do you find was the fair reasonable market value of the real estate actually conveyed by Florence Payton and husband Walter Payton, by deed March 26, 1940, to Thelma McGee? Answer: $2350.

"Special Issue No. 4. What, from a preponderance of the evidence, do you find would have been the fair, reasonable, market value of the real estate sold by Florence Payton and Walter Payton to Thelma McGee on March 26, 1940, at the time of such sale, if the boundaries of said real estate had in fact extended 100 feet south of the south boundary line of U.S. Highway No. 80? Answer: $2700."

In connection with special issues 3 and 4, the court gave the following definition: "By the term 'fair, reasonable, market value' as that term is used in this charge, is meant the amount of money that a person desiring to sell, but not bound to do so, could within a reasonable time procure for such property from a person who desires to buy but is not bound to purchase the property."

As to the suit in trespass to try title by the City of Big Spring against both Thelma McGee and the Paytons, the court instructed a verdict for the City. On the instructed verdict the court rendered judgment for the City awarding it the title and possession of the land described in the City's petition. As between Thelma McGee and the Paytons, the court rendered judgment based on the verdict that Thelma McGee recover of the Paytons $350 damages and that Thelma McGee have the $350 credited as a payment on the vendor's lien note; that the judgment be credited on the installment of principal and interest due September 1, 1940, and the balance be credited on the principal of said note as of the date of the deed, to-wit, March 26, 1940. From said judgment only Florence Payton has appealed.

■ Appellant's first proposition is, in substance, that no personal judgment could be rendered against Walter Payton, because he owned no part of the land conveyed to Thelma McGee, took no part in the sale, made no representations, and the note is payable to Florence Payton only, and the judgment of the trial court awarding damages and court costs against him personally, and not excluding his separate property, should be set aside, and the judgment as to the others reformed and a portion of the court costs assessed against appellees. This proposition is overruled. Walter Payton was not a real party at interest in the litigation, as he was only joined as a party pro forma. He did not file a motion for a new trial. He has not appealed. Mrs. Payton does not show that the judgment against Walter Payton injuriously affects her and she cannot complain of an erroneous ruling against another. Houston Gas & Fuel Co. v. Spradlin, Tex.Civ.App., 55 S.W.2d 1086; 3 Tex.Jur. 1024.

Both appellees contend that none of appellant's assignments of error can be considered by this court, because appellant's motion for a new trial was not signed by appellant or her attorneys.

■ The record discloses that a hearing was had on appellant's motion for a new trial, at which all parties appeared and participated. The omission of the signature to the motion does not appear to have been called to the court's attention and the hearing on the motion for new trial was had in all respects the same as if it had been duly signed. In Texas Employers' Ins. Ass'n v. Marsden, 131 Tex. 256, 114 S.W.2d 858, the defendant failed to file an answer. The parties appeared and tried the case as if a general denial had been filed. Our Supreme Court held that under such circumstances the answer was waived. On the authority of the Marsden case appellee's said propositions are overruled. See Estep v. Bratton, Tex.Civ.App., 24 S.W.2d 465, 468.

In order that appellant's contentions hereinafter discussed may be better understood, we make the following statement as to the

situation disclosed by the record, as we understand it:

The tract of land described in the deed from the Paytons to Thelma McGee begins at the center of a state highway, and about half of this tract, or about 50 feet off the north side thereof, is used as a part of the highway. The Airport Inn, situated largely on the south side of the tract described in the deed, extends over the south line of said tract so that a part of said building rests on the tract of land recovered by the City. Thelma McGee testified, and the jury found, that the tract pointed out by appellant as the tract she was selling and the tract Thelma McGee said she believed was being conveyed by the deed was the property commencing at the south boundary line of the highway and extending south 100 feet. The lot that the jury found was pointed out by appellant to Thelma McGee was that portion of the land described in the deed outside of the highway, and in addition a strip of land off of the north side of the tract recovered by the City, and on which about 13 feet of the rear part of the Airport Inn is situated. The City did not recover any portion of the lot described in the deed but did recover a portion off of the south side of the lot pointed out by appellant to Thelma McGee.

Appellant's proposition No. 2 presents the contention that Thelma McGee's suit, based on fraud, by reason of appellant's pointing out to her a lot with its boundaries different from that of the lot conveyed, would cause the rule of damages to be "the difference between the market value of the land bargained for and the agreed original price", and that appellant's exception to the pleading with reference to the cost of removing the portion of the Airport Inn building located on land pointed out to that portion actually conveyed should have been sustained, because such expense "cannot be recovered merely as a part of the whole damages, but that it should be specifically pleaded with items of cost given and a showing that when removed and remodeled the whole house would be approximately the same value, together with further pleadings and limitations that in considering the value of this strip of land, the improvements thereon are not to be considered."

Appellant's exception to paragraph 4 of said petition, wherein Thelma McGee alleged that if the City prevailed in its suit in trespass to try title she would be required to make changes in her building and other improvements, was as follows: "* * * for the reason that such allegation is an improper rule of damages, for the reason that the items therein are not given any definite or approximate numerical amount of damages for the reason that the said plaintiff in the cross-action cannot retain possession of the property she purchased from these defendants in cross-action and at the same time maintain a suit upon the warranty of the said deed, for the reason that the description of the said land and the house and improvements thereon show that the original sale alleged by her is one in aversionem and equitably indivisible and that therefore, such allegation is, in connection with the theory of her suit, the improper rule of abatement of part of the purchase price."

■ If appellant's proposition No. 2 is intended to present the contention that the court erred in overruling said exception, because, under the rule of damages applicable to the situation presented, the cost of removing that part of the improvements located on the lot belonging to the City was not recoverable, then we believe that the cause should not be reversed because of such ruling, if erroneous, because such defect, if any, was not distinctly pointed out by the exception made, and because there was no attempt, as we understand the record, to recover such expense as an independent item of damages.

Appellant assigns as error the introduction of testimony with reference to the cost of moving that portion of the Inn, a room about 13 feet long, that projected approximately that distance south of the boundary line of the land conveyed, from the lot recovered by the City, or, turning it around so that the building would be entirely located on the lot actually conveyed. Testimony as to the expense of such moving, by an admittedly qualified witness, was admitted over the objection that the pleadings were insufficient "and not the proper rule and it is evidence going to double damage."

In this connection, we call attention to the provisions of Art. 4004, which provides the rule of damages deemed applicable to this case. Insofar as it is here material it provides "Actionable fraud in this State with regard to transactions in real estate * * * shall consist of a * * * false representation of a past or existing material fact, * * * which is made as a material inducement to another party to enter into a

contract * * *. All persons guilty of such fraud shall be liable to the person defrauded for all actual damages suffered, the rule of damages being the difference between the value of the property as represented * * * and the actual value of the property in the condition it is delivered at the time of the contract."

The jury having found the market value of the real estate actually conveyed to be $2,350 and the market value of the land pointed out by Mrs. Payton to be $2,700, the damages recoverable under the statute were $350. Issues 3 and 4 constitute a substantial compliance with the statutory provision as to the measure of damages.

Although there has been much confusion in the authorities as to the proper measure of damages in a case of this character since the enactment of Art. 4004, the Supreme Court has apparently settled all controversy as to the proper measure of damages by its decision in Sibley v. Southland Life Ins. Co., Tex.Sup., 36 S.W.2d 145, 146, and Reed v. Hester, Tex.Com.App., 44 S.W.2d 1107, 1109. In the Sibley case, the lot pointed out by the defendant had a house on it. This lot was in fact No. 6 but was represented to be Lot No. 7. Lot No. 7 was conveyed but was a vacant lot. In an action for deceit founded upon false representation, the Supreme Court, with reference thereto, said: "The value of this vacant lot and the value of said improved lot were alleged in the petition and shown by evidence; and were found by the jury in answer to special issues on the subject. The amount of damages recovered by the insurance company on account of said false representation equals the difference between these two values, as found by the jury. In this respect a proper measure of damage was applied." [36 S.W.2d 146.] With reference to the common law rule of damages applicable to such a case before enactment of Art. 4004, the court said with reference to the effect of Art. 4004, "The rule here provided for measuring the damages in actions for deceit, involving real estate transactions, is applicable to the present case. The rule announced in the year 1906, in the case of George v. Hesse, 100 Tex. 44, 93 S.W. 107, 8 L.R.A.,N.S., 804, 123 Am.St.Rep. 772, 15 Ann.Cas. 456, and followed in Booth v. Coward, Tex.Com. App., 265 S.W. 1026, has been supplemented, if not superseded, by the above statutory rule."

Under Art. 4004 the proper measure of damages applicable to this case is the difference between the value of the lot pointed out and the value of the lot conveyed. Art. 4004; Sibley v. Southland Life Ins. Co., supra; Reed v. Hester, supra; Bryant v. Vaughn, Tex.Sup., 33 S.W.2d 729, 730; Lane v. Cunningham, Tex.Civ. App., 38 S.W.2d 906, 908, reversed on other grounds, Tex.Com.App., 58 S.W.2d 35; 20 Tex.Jur. 196; 43 Tex.Jur. 606; 18 Tex.Jur. 492; Baden v. Deragowski, Tex.Civ.App., 7 S.W.2d 123, writ refused; Crossland v. Evans, Tex.Civ.App., 102 S. W.2d 498, and Rahl v. Compton, Tex.Civ. App., 112 S.W.2d 509, 511.

The measure of damages was not the cost of removing the portion of the building from the lot owned by the City and placing it on the lot conveyed, but evidence as to the necessary expenses in moving was admissible upon the issues as to the value of the lots. Sibley v. Southland Life Ins. Co., Tex.Civ.App., 11 S.W.2d 250; Id., 36 S.W. 2d 145, 146, wherein the Supreme Court said: "The cost of completing the work, for which the trial court gave judgment, is a circumstance which might have some bearing in determining the amount of damages recoverable under the statute, but it does not, of itself, constitute an independent item of damage." See, also, Dupree v. Savage, Tex.Civ.App., 154 S.W. 701, 704, writ refused, and State v. Carpenter, 126 Tex. 604, 615, 619, 89 S.W.2d 194, 979.

But, regardless of the admissibility of such evidence, it seems apparent that the lot actually conveyed to Thelma McGee would be more valuable with the entire house on it than with about 13 feet of the rear projecting onto the lot owned by the City, and that it would be cheaper, under the only testimony as to the cost of removal, to-wit, $250, to remove that portion from the City's lot than to build a like room on the lot conveyed. In other words, such testimony could only have a tendency to reduce the amount of damages chargeable to appellant. The case was tried and submitted to the jury upon the theory that the City would permit the removal of the portion of the house situated on its lot.

Appellant says the damages awarded were improper because Thelma McGee did not pray for such damages "but asked for damages for a breach of a general warranty deed, and nothing else." Mrs. McGee alleged a cause of action for fraud

and deceit in pointing out one lot and conveying another. In connection with such allegations there were others pertinent to a cause of action for breach of warranty. The City did not recover the title to any of the land described in the deed to Mrs. McGee, hence the evidence failed to establish a cause of action for breach of warranty. Graebner v. Limburger's Ex'rs, Tex.Com.App., 293. S.W. 1100, 1101. The cause was tried and submitted to the jury only as one based on fraud and deceit. It · is true that the only specific prayer in Mrs. McGee's petition was for damages for breach of warranty, but her petition did contain a prayer for general relief. The relief awarded her was in accord with her allegations of fact in stating her cause of action for fraud. In Silberberg v. Pearson, 75 Tex. 287, 290, 12 S.W. 850, 851, the Supreme Court said: "Although the plaintiffs, in their special prayer, may have mistaken the relief to which they were entitled, in response to the prayer for general relief they may be awarded the relief to which the pleadings and evidence may entitle them." Also, see Garvin v. Hall, 83 Tex. 295, 301, 18 S.W. 731, and Zadik v. Schafer, 77 Tex. 501, 14 S.W. 153.

In connection with appellant's propositions 2, 3, and 4, just discussed, appellant cites Vogt v. Smalley, Tex.Com.App., 210 S.W. 511; Gordon v. Rhodes & Daniel, Tex.Civ.App., 117 S.W. 1023, and Woodruff v. Conway, Tex.Civ.App., 266 S.W. 868. These cases announced the measure of damages under circumstances of the instant case to be the difference between the value of the land conveyed and the purchase price. The first two cases were decided prior to the enactment of Art. 4004. The last case makes no mention of said statute, and it was evidently overlooked. It is plainly in conflict with the decisions of the Supreme Court heretofore cited.

■ Appellant's proposition No. 7 is that special issue No. 2 is duplicitous and that the evidence is insufficient to support the jury's answer thereto. We hold the evidence is sufficient to support the jury's answer. If the issue is duplicitous, we think the only effect it could have had was to place an additional and more onerous burden on Mrs. McGee than the law required. By the provisions of Art. 4004, where the false representation is of a past or existing material fact, it is only required that the plaintiff establish that the

representation was a material inducement to him to enter into the contract. The provision "but for which promise said party would not have entered .into said contract" applies only where a promise to do some act in the future is relied upon as the fraudulent representation. By said statement of the issue Mrs. McGee was required to prove, not alone, as the statute provides, that the pointing out of a lot different from that conveyed constituted a material inducement to her to enter into the contract, but, in addition thereto, something which the statute did not require of her, to-wit, that but for said misrepresentation she would not have entered into the contract.

■ The judgment for $350 (the difference between the value at the time of the contract of the lot pointed out and that conveyed) by the terms of the judgment was credited and applied so as to extinguish .the installment of principal and interest due September 1, 1940 and the balance applied as a payment on the note as of March 26, 1940, the date of the deed. Appellant assigns this action as error, because, among other things, Mrs. McGee's pleadings and evidence show without dispute that since the execution of the note Mrs. McGee has been in possession of the property in its entirety and using it in carrying on her business. We believe appellant's statement is supported by the record. Application of the amount of the judgment in cancellation of a part of the note as of said dates is without support in the pleadings; such abatement of the purchase price was sought under Mrs. McGee's pleadings only in connection with allegations of a failure or breach of warranty, and conditioned upon a judgment for breach of warranty. A breach of warranty was not established. Mrs. McGee has been in possession of the property pointed out since the execution of the deed to her. There was no recovery by the City against her of rents or damages. Furthermore, when Mrs. McGee elected not to rescind, but instead to sue for damages, she was then required to fully carry out the terms of her contract, that is, to discharge the note according to its terms. Mrs. McGee was not entitled in her suit for fraud and deceit to a judgment abating the purchase price to the extent of her recovery as awarded by the judgment. Empire Life Ins. Co. v. Beaumont Land & Building Co., Tex.Civ.App., 146 ˙S.W. 335; Brown v. Hearon, 66 Tex. 63, 17 S.W. 395; Mann

v. Mathews, 82 Tex. 98, 17 S.W. 927; First National Bank v. Brown, Tex.Com.App., 15 S.W.2d 563.

The judgment for the City of Big Spring is affirmed. The judgment as between Mrs. McGee and appellant, insofar as it in part abàtes the purchase price and the $350 is credited to the installment of principal and interest due September 1, 1940, and the balance is applied as a credit on the note as of September 9, 1940, is in those particulars reformed and set aside; but the judgment, insofar as it awards a recovery by Mrs. McGee against appellant for the sum of $350 is affirmed. The costs of the appeal are taxed one half against appellant and one half against Mrs. McGee.

We have carefully considered all of appellant's assignments of error and have concluded that reversible error is not shown. The judgment is reformed and affirmed.